RICHARD H. GOLUBOW – State Bar No. 160434
rgolubow@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 720-4100
Facsimile:  (949) 720-4111

Counsel for Defendants, Craig Hunter;
Veritas Investigative Solutions, LLC, a California limited liability company;
Strategic Business Partnerships, LLC, a California limited liability company; and
Lark Hill Investments, LLC, a Wyoming limited liability company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11 Proceeding<br><br>Adversary Proc. No. 8:26-ap-01041-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG HUNTER, an individual; VERITAS INVESTIGATIVE SOLUTIONS, LLC, a California limited liability company; STRATEGIC BUSINESS PARTNERSHIPS, LLC, a California limited liability company; LARK HILL INVESTMENTS, LLC, a Wyoming limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | **DEFENDANTS' ANSWER TO COMPLAINT FOR:**<br>**(1) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07];**<br>**(2) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07];**<br>**(3) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 548(a)(1)(A), 550, 551];**<br>**(4) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 548(a)(1)(B), 550, 551];**<br>**(5) DISALLOWANCE OF CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)];**<br>**(6) RESCISSION OF THE ESA [CAL. CIV. CODE §§ 1566-1570, 1689, AND 1691];**<br>**(7) CIVIL EXTORTION [CAL. PENAL CODE §§ 518-519];** |

MAINDOCS-#285777-v3-Hunter_et_al_Answer_to_Complaint.doc

**(8) CONVERSION;**
**(9) BREACH OF FIDUCIARY DUTY;**
**(10) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;**
**(11) AIDING AND ABETTING FRAUD;**
**(12) RESTITUTION; AND**
**(13) RECOVERY OF ATTORNEY'S FEES**

Defendants, Craig Hunter ("Mr. Hunter"); Veritas Investigative Solutions, LLC, a California limited liability company ("Veritas"); Strategic Business Partnerships, LLC, a California limited liability company ("SBP"); and Lark Hill Investments, LLC, a Wyoming limited liability company ("Lark Hill", and together with Hunter, Veritas and SBP, the "Defendants"), admit, deny and allege as follows in response to the Complaint for: (1) Avoidance, Preservation, and Recovery of Fraudulent Transfers [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(A)(1) and 3439.07]; (2) Avoidance, Preservation, and Recovery of Fraudulent Transfers [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(A)(2), 3439.05, and 3439.07]; (3) Avoidance, Preservation, and Recovery of Fraudulent Transfers [11 U.S.C. §§ 548(A)(1)(A), 550, 551]; (4) Avoidance, Preservation, and Recovery of Fraudulent Transfers [11 U.S.C. §§ 548(A)(1)(B), 550, 551]; (5) Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)]; (6) Rescission of the ESA [Cal. Civ. Code §§ 1566-1570, 1689, And 1691]; (7) Civil Extortion [Cal. Penal Code §§ 518-519]; (8) Conversion; (9) Breach of Fiduciary Duty; (10) Aiding and Abetting Breach of Fiduciary Duty; (11) Aiding and Abetting Fraud; (12) Restitution; and (13) Recovery of Attorney's Fees ("Complaint") filed by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Plaintiff").

## STATEMENT OF THE CASE

1.      In response to paragraph 1 of the Complaint, Defendants admit that Mr. Hunter provided consulting and operational services to Coast Processing and the Debtor. Defendants deny that such services were "nominal." To the contrary, Mr. Hunter's comprehensive strategic planning, risk management initiatives, recruitment of management-level personnel, and development of policies and procedures saved the Debtor in excess of $5 million. Defendants further deny that Mr. Hunter was hired to serve as Chief Operating Officer ("COO"). Mr. Hunter

specifically refused to be an employee or to serve as COO, in part, because California law at the time did not permit a non-attorney to manage a law firm. Mr. Hunter initially declined the opportunity to work at Coast Processing because he believed Mr. Diab was somehow involved, and Mr. Hunter agreed to proceed only after being assured that Mr. Diab was merely "consulting." After the merger of Coast and LPG, however, it became apparent to Mr. Hunter that Mr. Diab was in fact running the business, which caused Mr. Hunter substantial concern.

Mr. Hunter was at all times an independent contractor with no managerial authority over Debtor's employees, as memorialized in his written contract with the Debtor. Defendants deny that Mr. Hunter "discovered" that the Debtor was operating as a Ponzi scheme while engaged by the Debtor. Mr. Hunter had no knowledge or suspicion of any Ponzi scheme until February 15, 2023—more than one year after his engagement with the Debtor ended—when he sent a text message to Mr. March expressing concern after reviewing information online. While engaged by the Debtor in 2021, Mr. Hunter's concerns were limited to: (a) Mr. Diab forging Mr. March's signature on unrelated leases; (b) undocumented payment requests; and (c) Mr. Diab practicing law while twice disbarred, in Nevada and California.  On or about February 14, 2019, the Nevada Supreme Court disbarred Mr. Diab after finding that he had misdirected a $375,000 settlement for one of his clients into his own personal account and then forged an email from his opposing counsel in the case saying that the settlement had been contested. Mr. Diab also forged the signature of a judge on a fraudulent court order and presented it to another client, telling him that an arrest warrant had been cancelled when in fact it was still outstanding. On or about December 11, 2019, the California Supreme Court also disbarred Mr. Diab for the same conduct.

Within less than two months at LPG, Mr. Hunter uncovered a number of questionable activities by Mr. Diab and reported them to Mr. March. To the extent Plaintiff contends that these reports show that Mr. Hunter was "causing trouble" or trying to get Mr. Diab fired, Defendants deny that characterization and allege instead that Mr. Hunter was reporting serious misconduct in an effort to protect the business and its personnel from further legal exposure. Mr. Diab himself characterized Mr. Hunter as being "too much of a gum shoe." Mr. Hunter reported these concerns to the California State Bar and the Orange County District Attorney's Office on August 3, 2021—

ten days before the Employment Separation Agreement ("ESA") was executed. Mr. Hunter also advised staff members in a meeting that inappropriate activities were occurring, that they should conduct themselves legally and ethically, and that they should be prepared to tell the truth if contacted by law enforcement. Those statements were reported back to Mr. Diab by Wes Thomas, after which Mr. Hunter's contract was terminated the next day. Defendants further allege that Mr. March and Mr. Diab knew that Mr. Hunter had entered into the engagement under false pretenses, including the representation that Mr. Diab was not actually involved in running the business, and that Mr. Diab constructively interfered with Mr. Hunter's contract by insisting that Mr. March terminate him.

Defendants deny that Mr. Hunter breached any fiduciary duty. Mr. Hunter owed no fiduciary duty to the Debtor, as he was an independent contractor, not an officer, director, or employee. Even if a fiduciary duty existed, Mr. Hunter fulfilled any such duty by promptly reporting his concerns to Mr. March, the California State Bar, and the Orange County District Attorney. Defendants deny that Mr. Hunter violated any "moral obligations" or used information to "extort" money from the Debtor. The ESA was a voluntary settlement agreement negotiated in good faith, reviewed and signed by experienced attorney Mr. March, and provided substantial new value to the Debtor through Mr. Hunter's release of claims, forbearance from litigation, confidentiality obligations, cooperation commitments, and non-competition covenants. Defendants further allege that Plaintiff's contrary narrative relies materially on statements or accusations attributed to Mr. Diab, even though the Complaint itself alleges that Mr. Diab "operated, dominated, and controlled the Debtor," diverted Debtor funds through Diab-controlled entities, and admitted under penalty of perjury that he operated the Debtor as a criminal enterprise and Ponzi scheme.

Defendants further allege that Mr. Diab's bias against Mr. Hunter is exacerbated by events outside this action. While Mr. Diab was dealing with his Nevada disbarment issues, he was also acting illegally and unethically with another client, Arash Asante Bayrooti. With Mr. Hunter's assistance, Mr. Bayrooti confronted Mr. Diab and was able to recover his money. During Mr. Hunter's investigation of that matter, he discovered that Mr. Diab was impersonating a State Bar

investigator and reported that conduct to the California State Bar. Mr. Diab was aware of Mr. Hunter's role in exposing that conduct. Defendants further allege that Mr. Hunter identified for Mr. Bayrooti false emails, photographs, and other fabricated information used by Mr. Diab to conceal his activities. These facts further demonstrate Mr. Diab's motive and bias to retaliate against Mr. Hunter and to fabricate or embellish accusations against him.

Defendants further allege that, given the wrongdoing attributed to Mr. Diab in the Complaint itself and the additional facts stated above, his accusations against Mr. Hunter are inherently suspect and are reasonably viewed as an effort to shift blame away from himself and onto others. The ESA expressly permitted Mr. Hunter to cooperate with law enforcement—the exact opposite of "buying silence." Defendants deny that Mr. Hunter "coerced" the Debtor to sign the ESA "under threat of exposing the Debtor's Ponzi scheme." As stated above, Mr. Hunter had no knowledge of any Ponzi scheme in 2021. Mr. Hunter's contract was terminated in retaliation for his warnings to management about potential wrongdoing and his statement that the company should be prepared to tell the truth if law enforcement came to investigate. The ESA resolved disputes arising from Mr. Hunter's wrongful termination and the Debtor's breach of contract. At trial, Defendants expect to impeach any declaration or testimony by Mr. Diab based on, among other things, the foregoing facts, his bias against Mr. Hunter, and his history of false and fabricated evidence. Defendants deny all remaining allegations in paragraph 1.

2. In response to paragraph 2 of the Complaint, Defendants deny that they "provided little or no actual value to the Debtor." As alleged above, Mr. Hunter's strategic planning and operational improvements saved the Debtor in excess of $5 million. Defendants admit that SBP and Lark Hill did not directly provide goods or services to the Debtor, but deny the implication that payments to these entities were improper. SBP was designated as the recipient of settlement payments in the ESA itself at paragraph 2.1, which was drafted, negotiated, and signed by experienced attorney Mr. March. The use of SBP and Lark Hill to receive payments was suggested by Mr. Diab and Mr. March because Authorize.net would not process payments to Veritas after a few transactions. SBP and Lark Hill were formed on July 8, 2021—before any issues arose at LPG—on the advice of Mr. Hunter's tax attorney and divorce counsel to protect assets and

structure his business affairs for legitimate legal and tax purposes. Mr. Hunter's request to Anderson Business Advisors to form these entities was made on May 12, 2021, before he had a contract with the Debtor. As the sole proprietor of Veritas, SBP, and Lark Hill, Mr. Hunter could legally direct payments to any of his entities, but in this instance accommodated the Debtor's principals' preference for payment structure. Defendants admit receiving $919,155 in transfers from the Debtor. Defendants deny the amount alleged in paragraph 2 ($1,176,366.45). Defendants further deny that any portion of the payments received constituted payment to "buy Mr. Hunter's silence." All payments were made pursuant to the ESA, which expressly allowed Mr. Hunter to cooperate with law enforcement and regulatory authorities. Defendants further allege that Plaintiff's contrary theory again depends materially on accusations (1) attributed to Mr. Diab, notwithstanding that the Complaint itself accuses Mr. Diab of orchestrating the Debtor's fraudulent operations, diverting Debtor property through Diab Entities, concealing assets from creditors, and operating the Debtor as a criminal enterprise and Ponzi scheme, and (2) attributed to Mr. March an attorney disbarred after the Petition Date, on or about April 16, 2025, based upon his role in the Debtor's fraudulent scheme.  Defendants further allege that Mr. Diab's accusations against Mr. Hunter are further tainted by Mr. Diab's personal bias arising from Mr. Hunter's prior exposure of Mr. Diab's separate misconduct involving Mr. Bayrooti and Mr. Hunter's report to the California State Bar concerning Mr. Diab's impersonation of a Bar investigator. Defendants deny all remaining allegations in paragraph 2.

3.      In response to paragraph 3 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 3 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations. Defendants specifically deny that funds in accounts titled in the name of Vulcan/BAT or other Mr. Diab-controlled entities "always remained Debtor's property." Defendants lack sufficient knowledge regarding the Debtor's arrangements with entities controlled by Mr. Diab and, on that basis, deny the allegations concerning such arrangements.

4.      In response to paragraph 4 of the Complaint, Defendants admit receiving $919,155 in transfers from the Debtor pursuant to the ESA. Defendants deny receiving $1,176,366.45 as

alleged. Defendants deny that any payments were received "purportedly for consulting services" or "purportedly on account of the ESA." All payments were actually due and owing under Mr. Hunter's consulting contract and the ESA, both of which were negotiated in good faith and signed by authorized representatives of the Debtor. Defendants deny that payments were made from accounts "nominally titled with Vulcan/BAT." Defendants lack sufficient knowledge regarding the source of funds used by the Debtor to make payments under the ESA and, on that basis, deny the allegations concerning the origin of such funds. Defendants deny that any transfers were "subsequently transferred by Defendants to one or more of the Doe Defendants." Defendants deny all remaining allegations in paragraph 4.

5.    In response to paragraph 5 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 5 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations. Defendants specifically deny that any transfers are avoidable or recoverable and deny that Defendants or any alleged "Doe Defendants" took transfers with knowledge of any avoidability or without giving value and acting in good faith.

## STATEMENT OF JURISDICTION AND VENUE

6.    In response to paragraph 6 of the Complaint, Defendants admit each and every allegation contained therein.

7.    In response to paragraph 7 of the Complaint, Defendants admit each and every allegation contained therein.

8.    In response to paragraph 8 of the Complaint, Defendants admit that Plaintiff alleges this adversary proceeding to be core and that Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court. Defendants deny that they consent to the entry of final orders or final judgment by the Bankruptcy Court on any non-core claim, Stern claim, or any claim for which Defendants are entitled to a jury trial, and Defendants demand trial by jury in the United States District Court on all issues so triable.

9.    In response to paragraph 9 of the Complaint, Defendants admit each and every allegation contained therein.

**PARTIES**

10. In response to paragraph 10 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Defendants admit each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Defendants admit each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Defendants admit each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Defendants admit each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Defendants admit each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Defendants admit each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Defendants admit each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Defendants admit each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Defendants admit each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed.  To the extent that paragraph 20 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

21. In response to paragraph 21 of the Complaint, Defendants admit that Plaintiff was appointed and alleges authority to commence and maintain certain claims on behalf of the

Debtor's Estate and trust. Defendants deny any remaining allegation inconsistent with Defendants' affirmative defenses, including any defense concerning standing, scope of transferred claims, or Plaintiff's ability to obtain the relief sought here.

## GENERAL ALLEGATIONS

22.     In response to paragraph 22 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

23.     In response to paragraph 23 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

24.     In response to paragraph 24 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed.  To the extent that paragraph 24 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

25.     In response to paragraph 25 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

26.     In response to paragraph 26 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

27.     In response to paragraph 27 of the Complaint, Defendants lack sufficient information to admit or deny the precise contents of any statement attributed to Mr. Diab and on that basis deny the allegations. Defendants further allege that any accusation, narrative, or purported admission attributed to Mr. Diab must be viewed in light of the wrongdoing that the Complaint itself attributes to him, including operating, dominating, and controlling the Debtor, diverting Debtor funds, concealing assets, and operating the Debtor as a criminal enterprise and Ponzi scheme, all of which give Mr. Diab a powerful motive to shift blame to others.

28.    In response to paragraph 28 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

29.    In response to paragraph 29 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

30.    In response to paragraph 30 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

31.    In response to paragraph 31 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

32.    In response to paragraph 32 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

33.    In response to paragraph 33 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

34.    In response to paragraph 34 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

35.    In response to paragraph 35 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

36.    In response to paragraph 36 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

37.    In response to paragraph 37 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

38.    In response to paragraph 38 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

39.    In response to paragraph 39 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

40.    In response to paragraph 40 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

41.    In response to paragraph 41 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

42.    In response to paragraph 42 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

43.    In response to paragraph 43 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

44.    In response to paragraph 44 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

45.    In response to paragraph 45 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 45 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

46.    In response to paragraph 46 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 46 of the Complaint can be interpreted to contain factual allegations, Defendants deny them. Defendants further allege that Plaintiff's referenced stipulation with Mr. Diab does not transform Mr. Diab into a credible witness against Defendants, particularly where the Complaint itself attributes to Mr. Diab the central acts of fraud, asset diversion, and operation of the alleged Ponzi scheme.  Defendants further allege that Mr. Diab harbors independent personal bias against Mr. Hunter based on Mr. Hunter's role in exposing separate misconduct by Mr. Diab and reporting Mr. Diab to the California State Bar.

47.    In response to paragraph 47 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent paragraph 47 may be construed to contain factual allegations, Defendants deny them. Defendants further allege that any declaration by Mr. Diab must be evaluated in light of the allegations that he operated, dominated, and controlled the Debtor and used Diab Entities to divert and conceal Debtor property. Defendants further allege that Mr. Diab has previously used false emails, photographs, and other fabricated information to conceal his activities, and any declaration attributed to him will be challenged accordingly.

48.    In response to paragraph 48 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent paragraph 48 may be construed to contain factual allegations, Defendants deny them. Defendants further allege that any order approving a stipulation with Mr. Diab does not establish liability as to Defendants and does not cure the credibility problems inherent in Mr. Diab's accusations.

49.    In response to paragraph 49 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent paragraph 49 may be construed to contain factual allegations, Defendants deny them. Defendants further allege that Plaintiff's effort to rely on Mr. Diab's acknowledgments only underscores that Plaintiff's factual theory depends on the words of the very person the Complaint identifies as having engaged in fraud, breach of fiduciary duty, willful and malicious injury, misuse of client funds, consumer-

protection violations, and operation of the alleged Ponzi scheme, along with Mr. March, an attorney disbarred after the Petition Date based upon his role in the Debtor's fraudulent scheme. Defendants further allege that Mr. Diab's bias against Mr. Hunter is heightened by Mr. Hunter's role in exposing unrelated misconduct by Mr. Diab and that any declaration or testimony by Mr. Diab will be subject to impeachment on that basis as well.

50.    In response to paragraph 50 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 50 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

51.    In response to paragraph 51 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 51 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

52.    In response to paragraph 52 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 52 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

53.    In response to paragraph 53 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 53 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

54.    In response to paragraph 54 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 54 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

55.    In response to paragraph 55 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 55 of the

Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

56.    In response to paragraph 56 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

57.    In response to paragraph 57 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 57 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

58.    In response to paragraph 58 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 58 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

59.    In response to paragraph 59 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 59 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

60.    In response to paragraph 60 of the Complaint, Defendants admit receiving $919,155 in Transfers from the Debtor.  The Defendants deny all remaining allegations in paragraph 60.

61.    In response to paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

62.    In response to paragraph 62 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

63.    In response to paragraph 63 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

64. In response to paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

65. In response to paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

66. In response to paragraph 66 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations.

67. In response to paragraph 67 of the Complaint, Defendants admit that a portion of the operations previously performed by Coast were moved to Tustin, California. The Defendants deny all remaining allegations contained therein.

68. In response to paragraph 68 of the Complaint, Defendants admit that a consulting fee was paid. The Defendants deny all remaining allegations contained therein.

69. In response to paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70. In response to paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

71. In response to paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

72. In response to paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

73. In response to paragraph 73 of the Complaint, Defendants deny each and every allegation contained therein.

74. In response to paragraph 74 of the Complaint, Defendants deny each and every allegation contained therein.

75. In response to paragraph 75 of the Complaint, Defendants deny each and every allegation contained therein.

76. In response to paragraph 76 of the Complaint, Defendants deny each and every allegation contained therein.

77.    In response to paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein. Defendants further allege that Plaintiff's allegation regarding supposed threats is materially dependent upon accusations attributed to Mr. Diab and/or Mr. March, while the contemporaneous facts known to Defendants are that Mr. Hunter had already reported his concerns regarding Mr. Diab's conduct to the California State Bar and the Orange County District Attorney's Office before the ESA was executed. Defendants further allege that Mr. Hunter's staff-meeting admonition that personnel should act legally and ethically and tell the truth if contacted by law enforcement was not extortionate, but instead reflected lawful concern regarding conduct that Mr. Hunter had already brought to the attention of management and authorities.

78.    In response to paragraph 78 of the Complaint, Defendants deny each and every allegation contained therein.

79.    In response to paragraph 79 of the Complaint, Defendants admit receiving $919,155 in Transfers from the Debtor.  The Defendants deny all remaining allegations in paragraph 79.

80.    In response to paragraph 80 of the Complaint, Defendants deny each and every allegation contained therein.

81.    In response to paragraph 81 of the Complaint, Defendants admit they received payments, but deny all remaining allegations contained therein.

82.    In response to paragraph 82 of the Complaint, Defendants deny each and every allegation contained therein.

83.    In response to paragraph 83 of the Complaint, Defendants admit that Veritas performed background investigations for Coast and LPG and was compensated for those efforts. The Defendants deny all remaining allegations contained therein.

84.    In response to paragraph 84 of the Complaint, Defendants deny each and every allegation contained therein.

85. In response to paragraph 85 of the Complaint, Defendants admit receiving payments for services performed. The Defendants deny all remaining allegations contained therein.

86. In response to paragraph 86 of the Complaint, Defendants admit that payments were made through SBP.

87. In response to paragraph 87 of the Complaint, SBP was the named recipient of certain payments for services provided by Veritas. The Defendants deny all remaining allegations contained therein.

88. In response to paragraph 88 of the Complaint, Defendants admit that payments were made through Lark Hill.

89. In response to paragraph 89 of the Complaint, Lark Hill was the named recipient of certain payments for services provided by Veritas. The Defendants deny all remaining allegations contained therein.

90. In response to paragraph 90 of the Complaint, Defendants admit receiving $919,155 in Transfers from the Debtor. The Defendants deny all remaining allegations contained therein.

91. In response to paragraph 91 of the Complaint, Defendants deny each and every allegation contained therein. Defendants further allege that any contrary account depends in material part on accusations attributed to Mr. Diab, whose alleged role in operating the Debtor, diverting assets, and perpetrating the alleged fraud gives him every incentive to shift blame. Defendants further allege that Mr. Diab's personal bias against Mr. Hunter, including from matters outside this lawsuit, further undermines the credibility of the accusations attributed to him.

92. In response to paragraph 92 of the Complaint, Defendants deny each and every allegation contained therein. Defendants further allege that Mr. Hunter's prior reports to authorities concerning Mr. Diab's conduct predated the ESA and were not extortionate threats.

93. In response to paragraph 93 of the Complaint, Defendants deny each and every allegation contained therein. Defendants further allege that Plaintiff's contrary theory relies

materially on hearsay and accusations from persons, including Mr. Diab, who had substantial reason to deflect attention from their own misconduct.

94.    In response to paragraph 94 of the Complaint, Defendants deny each and every allegation contained therein. Defendants further allege that any claimed fear or agitation by others does not transform a negotiated agreement into extortion, particularly where the agreement expressly permitted cooperation with law enforcement.

95.    In response to paragraph 95 of the Complaint, Defendants deny each and every allegation contained therein.

96.    In response to paragraph 96 of the Complaint, Defendants deny each and every allegation contained therein.

97.    In response to paragraph 97 of the Complaint, Defendants deny each and every allegation contained therein. Defendants further allege that the allegations in paragraphs 91 through 97 are false and are materially dependent on accusations by persons including Mr. Diab, whose conduct as described in the Complaint itself gives him an obvious motive to fabricate or embellish.  That motive is further strengthened by Mr. Hunter's prior role in exposing separate misconduct by Mr. Diab and reporting him to the California State Bar.

98.    In response to paragraph 98 of the Complaint, Defendants admit each and every allegation contained therein.

99.    In response to paragraph 99 of the Complaint, Defendants admit each and every allegation contained therein.

100.    In response to paragraph 100 of the Complaint, Defendants deny each and every allegation contained therein.

101.    In response to paragraph 101 of the Complaint, Defendants deny each and every allegation contained therein.

102.    In response to paragraph 102 of the Complaint, Defendants deny each and every allegation contained therein.

103.    In response to paragraph 103 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 103 of the

Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

104.    In response to paragraph 104 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 104 of the Complaint.

105.    In response to paragraph 105 of the Complaint, Defendants deny each and every allegation contained therein.

106.    In response to paragraph 106 of the Complaint, Defendants deny each and every allegation contained therein.

107.    In response to paragraph 107 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 107 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

108.    In response to paragraph 108 of the Complaint, Defendants deny receipt of the "First Letter", but admit that email communications were provided.  The Defendants deny all remaining allegations contained therein.

109.    In response to paragraph 109 of the Complaint, Defendants admit each and every allegation contained therein.

110.    In response to paragraph 110 of the Complaint, Defendants admit each and every allegation contained therein.

111.    In response to paragraph 111 of the Complaint, Defendants admit each and every allegation contained therein.

112.    In response to paragraph 112 of the Complaint, Defendants admit that documents and information were provided in response to follow-up communications, but deny that the materials failed to substantiate the Transfers or failed to demonstrate defenses. Defendants deny all remaining allegations in paragraph 112.

113.    In response to paragraph 113 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 113 of the Complaint.

## FIRST CLAIM FOR RELIEF

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer**

**11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07**

**(Against all Defendants)**

114.    In response to paragraph 114 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

115.    In response to paragraph 115 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 115 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

116.    In response to paragraph 116 of the Complaint, Defendants deny each and every allegation contained therein.

117.    In response to paragraph 117 of the Complaint, Defendants deny each and every allegation contained therein.

118.    In response to paragraph 118 of the Complaint, Defendants deny each and every allegation contained therein.

119.    In response to paragraph 119 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 119 of the Complaint.

120.    In response to paragraph 120 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 120 of the Complaint.

121.    In response to paragraph 121 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 121 of the Complaint.

122.    In response to paragraph 122 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 122 of the Complaint.

123.    In response to paragraph 123 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 123 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

124.    In response to paragraph 124 of the Complaint, Defendants deny each and every allegation contained therein.

125.    In response to paragraph 125 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 125 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

126.    In response to paragraph 126 of the Complaint, Defendants deny each and every allegation contained therein.

127.    In response to paragraph 127 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 127 of the Complaint.

128.    In response to paragraph 128 of the Complaint, Defendants deny each and every allegation contained therein.

129.    In response to paragraph 129 of the Complaint, Defendants deny each and every allegation contained therein.

130.    In response to paragraph 130 of the Complaint, Defendants deny each and every allegation contained therein.

131.    In response to paragraph 131 of the Complaint, Defendants deny each and every allegation contained therein.

132.    In response to paragraph 132 of the Complaint, Defendants deny each and every allegation contained therein.

## <u>SECOND CLAIM FOR RELIEF</u>

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer 11**

**U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(A)(2), 3439.05 and 3439.07**

**(Against All Defendants)**

133.    In response to paragraph 133 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

134.    In response to paragraph 134 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 134 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

135.    In response to paragraph 135 of the Complaint, Defendants generally and specifically deny all allegations contained therein.

136.    In response to paragraph 136 of the Complaint, Defendants generally and specifically deny all allegations contained therein.

137.    In response to paragraph 137 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 137 of the Complaint.

138.    In response to paragraph 138 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 138 of the Complaint.

139.    In response to paragraph 139 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 139 of the Complaint.

140.    In response to paragraph 140 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 140 of the Complaint.

141.    In response to paragraph 141 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 141 of the

Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

142. In response to paragraph 142 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 142 of the Complaint.

143. In response to paragraph 143 of the Complaint, Defendants deny each and every allegation contained therein.

144. In response to paragraph 144 of the Complaint, Defendants deny each and every allegation contained therein.

145. In response to paragraph 145 of the Complaint, Defendants deny each and every allegation contained therein.

146. In response to paragraph 146 of the Complaint, Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

### Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer

### 11 U.S.C. §§ 548(A)(1)(A), 550 & 551

### (Against All Defendants)

147. In response to paragraph 147 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

148. In response to paragraph 148 of the Complaint, Defendants admit that one or more of the Transfers were made within two years of the Petition Date.

149. In response to paragraph 149 of the Complaint, Defendants deny each and every allegation contained therein.

150. In response to paragraph 150 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 150 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

151.    In response to paragraph 151 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 151 of the Complaint.

152.    In response to paragraph 152 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 152 of the Complaint.

153.    In response to paragraph 153 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 153 of the Complaint.

154.    In response to paragraph 154 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 154 of the Complaint.

155.    In response to paragraph 155 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 155 of the Complaint.

156.    In response to paragraph 156 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 156 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

157.    In response to paragraph 157 of the Complaint, Defendants deny each and every allegation contained therein.

158.    In response to paragraph 158 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 158 of the Complaint.

159.    In response to paragraph 159 of the Complaint, Defendants deny each and every allegation contained therein.

160.    In response to paragraph 160 of the Complaint, Defendants deny each and every allegation contained therein.

161.    In response to paragraph 161 of the Complaint, Defendants deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer**

**11 U.S.C. §§ 548(A)(1)(B), 550 & 551**

**(Against All Defendants)**

162.    In response to paragraph 162 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

163.    In response to paragraph 163 of the Complaint, Defendants admit that one or more of the Transfers were made within two years of the Petition Date.

164.    In response to paragraph 164 of the Complaint, Defendants deny each and every allegation contained therein.

165.    In response to paragraph 165 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 165 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

166.    In response to paragraph 166 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 166 of the Complaint.

167.    In response to paragraph 167 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 167 of the Complaint.

168.    In response to paragraph 168 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 168 of the Complaint.

169.    In response to paragraph 169 of the Complaint, Defendants lack sufficient information to either admit or deny the allegations therein, and on that basis deny all such allegations in paragraph 169 of the Complaint.

170.    In response to paragraph 170 of the Complaint, Defendants deny all such allegations.

171.    In response to paragraph 171 of the Complaint, Defendants deny all such allegations.

172.    In response to paragraph 172 of the Complaint, Defendants deny all such allegations.

**FIFTH CLAIM FOR RELIEF**

**Disallowance of Claim**

**11 U.S.C. §§ 502(d)**

**(Against All Defendants)**

173.    In response to paragraph 173 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

174.    In response to paragraph 174 of the Complaint, Defendants deny that Plaintiff is entitled to disallowance of any claim under 11 U.S.C. § 502(d). Defendants further allege that Veritas filed a proof of claim in the Bankruptcy Case, but Mr. Hunter, SBP, and Lark Hill did not. Accordingly, Plaintiff's request for disallowance may apply, if at all, only to Veritas, and as to Mr. Hunter, SBP, and Lark Hill, Plaintiff's request for disallowance fails, is moot, or otherwise does not lie. Defendants further deny that Plaintiff is entitled to disallowance of any Veritas claim absent proof of the statutory predicates required under 11 U.S.C. § 502(d).  Defendants deny all remaining allegations in paragraph 174.

175.    In response to paragraph 175 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 175 of the Complaint can be interpreted to contain any factual allegations, Defendants deny all such allegations.

## SIXTH CLAIM FOR RELIEF

**Rescission of the ESA**

**California Civil Code §§ 1566-1570, 1689, and 1691**

**(Against All Defendants)**

176.    In response to paragraph 176 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

177.    In response to paragraph 177 of the Complaint, Defendants deny each and every allegation contained therein.

178.    In response to paragraph 178 of the Complaint, Defendants deny each and every allegation contained therein.

179.    In response to paragraph 179 of the Complaint, Defendants deny each and every allegation contained therein.

180.    In response to paragraph 180 of the Complaint, Defendants deny each and every allegation contained therein.

181.    In response to paragraph 181 of the Complaint, Defendants deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

**Civil Extortion**

**California Penal Code §§ 518-519**

**(Against All Defendants)**

182.    In response to paragraph 182 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

183.    In response to paragraph 183 of the Complaint, Defendants deny each and every allegation contained therein.

184.    In response to paragraph 184 of the Complaint, Defendants deny each and every allegation contained therein.

185.    In response to paragraph 185 of the Complaint, Defendants deny each and every allegation contained therein.

186.   In response to paragraph 186 of the Complaint, Defendants deny each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF

### Conversion

### (Against All Defendants)

187.   In response to paragraph 187 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

188.   In response to paragraph 188 of the Complaint, Defendants deny each and every allegation contained therein.

189.   In response to paragraph 189 of the Complaint, Defendants deny each and every allegation contained therein.

190.   In response to paragraph 190 of the Complaint, Defendants deny each and every allegation contained therein.

191.   In response to paragraph 191 of the Complaint, Defendants deny each and every allegation contained therein.

192.   In response to paragraph 192 of the Complaint, Defendants deny each and every allegation contained therein.

193.   In response to paragraph 193 of the Complaint, Defendants deny each and every allegation contained therein.

194.   In response to paragraph 194 of the Complaint, Defendants deny each and every allegation contained therein.

## NINTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

### (Against Hunter)

195.   In response to paragraph 195 of the Complaint, Hunter reasserts his and all other Defendants' responses to all preceding paragraphs as if fully asserted herein.

196.   In response to paragraph 196 of the Complaint, Hunter denies each and every allegation contained therein.

197.    In response to paragraph 197 of the Complaint, Hunter denies each and every allegation contained therein.

198.    In response to paragraph 198 of the Complaint, Hunter denies each and every allegation contained therein.

199.    In response to paragraph 199 of the Complaint, Hunter denies each and every allegation contained therein.

200.    In response to paragraph 200 of the Complaint, Hunter denies each and every allegation contained therein.

201.    In response to paragraph 201 of the Complaint, Hunter denies each and every allegation contained therein.

202.    In response to paragraph 202 of the Complaint, Hunter denies each and every allegation contained therein.

203.    In response to paragraph 203 of the Complaint, Hunter denies each and every allegation contained therein.

## TENTH CLAIM FOR RELIEF

### Aiding and Abetting Breach of Fiduciary Duty

### (Against Veritas, SBP, and Lark Hill)

204.    In response to paragraph 204 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

205.    In response to paragraph 205 of the Complaint, Defendants deny each and every allegation contained therein.

206.    In response to paragraph 206 of the Complaint, Defendants deny each and every allegation contained therein.

207.    In response to paragraph 207 of the Complaint, Defendants deny each and every allegation contained therein.

208.    In response to paragraph 208 of the Complaint, Defendants deny each and every allegation contained therein.

209.    In response to paragraph 209 of the Complaint, Defendants deny each and every allegation contained therein.

210.    In response to paragraph 210 of the Complaint, Defendants deny each and every allegation contained therein.

211.    In response to paragraph 211 of the Complaint, Defendants deny each and every allegation contained therein.

212.    In response to paragraph 212 of the Complaint, Defendants deny each and every allegation contained therein.

213.    In response to paragraph 213 of the Complaint, Defendants deny each and every allegation contained therein.

214.    In response to paragraph 214 of the Complaint, Defendants deny each and every allegation contained therein.

215.    In response to paragraph 215 of the Complaint, Defendants deny each and every allegation contained therein.

216.    In response to paragraph 216 of the Complaint, Defendants deny each and every allegation contained therein.

217.    In response to paragraph 217 of the Complaint, Defendants deny each and every allegation contained therein.

## ELEVENTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

### (Against All Defendants)

218.    In response to paragraph 218 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

219.    In response to paragraph 219 of the Complaint, Defendants deny each and every allegation contained therein.

220.    In response to paragraph 220 of the Complaint, Defendants deny each and every allegation contained therein.

221.    In response to paragraph 221 of the Complaint, Defendants deny each and every allegation contained therein.

222.    In response to paragraph 222 of the Complaint, Defendants deny each and every allegation contained therein.

223.    In response to paragraph 223 of the Complaint, Defendants deny each and every allegation contained therein.

224.    In response to paragraph 224 of the Complaint, Defendants deny each and every allegation contained therein.

## TWELFTH CLAIM FOR RELIEF

### Restitution

### (Against All Defendants)

225.    In response to paragraph 225 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

226.    In response to paragraph 226 of the Complaint, Defendants deny each and every allegation contained therein.

227.    In response to paragraph 227 of the Complaint, Defendants deny each and every allegation contained therein.

228.    In response to paragraph 228 of the Complaint, Defendants deny each and every allegation contained therein.

229.    In response to paragraph 229 of the Complaint, Defendants deny each and every allegation contained therein.

## THIRTEEN CLAIM FOR RELIEF

### Recovery of Attorney's Fees

### Federal Rule of Bankruptcy Procedure 7054(b)

### (Against All Defendants)

230.    In response to paragraph 230 of the Complaint, Defendants reassert their responses to all preceding paragraphs as if fully asserted herein.

231.    In response to paragraph 231 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 231 of the Complaint can be interpreted to contain any factual allegations, Defendants deny each and every allegation contained therein.

232.    In response to paragraph 232 of the Complaint, such paragraph contains statements and conclusions of law to which no response is needed. To the extent that paragraph 232 of the Complaint can be interpreted to contain any factual allegations, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses, Defendants do not shift any burden of proof or assume the need to prove any element of any claim asserted by Plaintiff.  To the extent defenses asserted below are not considered affirmative defenses, but rather part of Plaintiff's burden of proof or elements Plaintiff must prove, such shall remain a part of Plaintiff's burden notwithstanding any characterization herein of such aspects of Plaintiff's *prima facie* case as affirmative defenses.

### Affirmative Defenses Applicable to All Causes of Action

1.    The purported claims for relief are barred by the applicable statute of limitations.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    Plaintiff lacks standing to pursue some or all of the claims alleged in the Complaint.

4.    The purported claims for relief are barred by the doctrine of unclean hands.

5.    The purported claims for relief are barred by the doctrine of laches due to Plaintiff's unreasonable delay in asserting such claims.

6.    The purported claims for relief are barred by waiver.

7.    The purported claims for relief are barred by estoppel.

8.    Defendants have valid offset and recoupment rights against any amounts claimed by Plaintiff.

9.      Any damages allegedly suffered by Plaintiff were caused by the acts or omissions of third parties over whom Defendants had no control.

10.      Plaintiff has failed to join indispensable parties necessary for the just adjudication of this action.

11.      The alleged transfers were made in good faith and for reasonably equivalent value.

12.      Defendants acted at all times in good faith and without knowledge of any alleged wrongdoing by the Debtor.

**First Cause of Action (Actual Fraudulent Transfer)**

13.      Defendants received the alleged transfers in good faith, for value, and without knowledge of any voidability of such transfers as protected transferees under 11 U.S.C. § 548(c).

14.      Defendants provided reasonably equivalent value to the Debtor in exchange for all payments received.

15.      The alleged transfers were made in the ordinary course of business between the Debtor and Defendants.

16.      The alleged transfers were made as compensation for bona fide services actually rendered by Defendants to the Debtor.

17.      Defendants had no actual intent to hinder, delay, or defraud any creditor of the Debtor.

18.      Defendants had no knowledge of any alleged intent by the Debtor or its principals to hinder, delay, or defraud creditors.

19.      The Ponzi scheme presumption does not apply to the alleged transfers or, alternatively, is rebutted by the facts and circumstances of this case.

20.      The badges of fraud alleged in the Complaint do not establish actual fraudulent intent on the part of Defendants.

21.      At the time of each alleged transfer, Defendants had no knowledge that the Debtor was insolvent or operating as an alleged Ponzi scheme.

22.      The claims are barred by the applicable four-year statute of limitations under California Civil Code § 3439.09.

**Second Cause of Action (Constructive Fraudulent Transfer)**

23.     Defendants received the alleged transfers in good faith, for value, and without knowledge of any voidability of such transfers as protected transferees under 11 U.S.C. § 548(c).

24.     Defendants provided reasonably equivalent value to the Debtor in exchange for all payments received through the provision of valuable consulting, investigative, and operational services.

25.     The Debtor was not insolvent at the time of the alleged transfers.

26.     The Debtor did not become insolvent as a result of the alleged transfers.

27.     The Debtor's remaining assets were not unreasonably small in relation to its business or transactions at the time of the alleged transfers.

28.     The Debtor did not intend to incur, and did not reasonably believe it would incur, debts beyond its ability to pay as they became due.

29.     Defendants had no knowledge of the Debtor's alleged financial condition at the time of the alleged transfers.

30.     The claims are barred by the applicable four-year statute of limitations under California Civil Code § 3439.09.

**Third Cause of Action (Actual Fraudulent Transfer)**

31.     Defendants received the alleged transfers in good faith, for value, and without knowledge of any voidability of such transfers as protected transferees under 11 U.S.C. § 548(c).

32.     Defendants provided reasonably equivalent value to the Debtor in exchange for all payments received.

33.     The Debtor had no actual intent to hinder, delay, or defraud creditors at the time of the alleged transfers.

34.     Defendants had no knowledge of any alleged fraudulent intent by the Debtor at the time of the alleged transfers.

35.     The alleged transfers were made as payment for legitimate business services rendered by Defendants.

36.     The claims are barred by the two-year statute of limitations under 11 U.S.C. § 548(a)(1).

**Fourth Cause of Action (Constructive Fraudulent Transfer)**

37.     Defendants received the alleged transfers in good faith, for value, and without knowledge of any voidability of such transfers as protected transferees under 11 U.S.C. § 548(c).

38.     Defendants provided reasonably equivalent value to the Debtor in exchange for all payments received.

39.     The Debtor was not insolvent at the time of the alleged transfers and did not become insolvent as a result of the alleged transfers.

40.     The Debtor was not engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small.

41.     The Debtor did not intend to incur, and did not believe or reasonably should have believed, that it would incur debts beyond its ability to pay as they became due.

42.     The claims are barred by the two-year statute of limitations under 11 U.S.C. § 548(a)(1).

**Fifth Cause of Action (Disallowance of Claims)**

43.     Plaintiff's Fifth Claim for Relief under 11 U.S.C. § 502(d) is barred, moot, or otherwise fails as to Mr. Hunter, SBP, and Lark Hill because those answering Defendants did not file any proof of claim against the bankruptcy estate and therefore there is no claim to disallow as to them. As to Veritas, Plaintiff is not entitled to disallowance absent proof of the statutory predicates required by 11 U.S.C. § 502(d), including proof that Veritas is an entity from which property is recoverable or that it is a transferee of an avoidable transfer that has failed to turn over such property.

44.     Defendants hold valid and enforceable claims against the Debtor's estate.

45.     The alleged transfers have not been avoided and cannot be avoided for the reasons set forth in the defenses to the First through Fourth Causes of Action.

46.     To the extent any transfers are found to be avoidable, Defendants have already returned or repaid such transfers to the estate.

47.     Disallowance under Section 502(d) is not warranted because Defendants are protected transferees who took in good faith and for value.

### Sixth Cause of Action (Rescission)

48.     The Employment Separation Agreement ("ESA") was entered into voluntarily and without duress, menace, fraud, undue influence, or mistake.

49.     Defendants did not employ force, threats, or menace to obtain the ESA or payments thereunder.

50.     The Debtor and its principals acted with free will and voluntary consent in entering into and performing under the ESA.

51.     The ESA was supported by valid and adequate consideration.

52.     The Debtor ratified the ESA through its performance and acceptance of benefits thereunder.

53.     Plaintiff has waived any right to seek rescission of the ESA.

54.     The claim for rescission is barred by unreasonable delay and the doctrine of laches.

55.     The claim for rescission is barred by the applicable four-year statute of limitations under California Code of Civil Procedure § 343.

56.     Defendants detrimentally relied on the ESA and its continued enforceability.

### Seventh Cause of Action (Civil Extortion)

57.     Defendants did not use or threaten to use force or fear to obtain any property or payments from the Debtor.

58.     Defendants did not engage in any criminal conduct or extortion as alleged or otherwise.

59.     Any statements made by Defendants to the Debtor or its principals constituted good faith communications regarding legitimate business matters and potential legal violations.

60.     Defendants had a legal right to report suspected wrongdoing to appropriate governmental authorities and to seek compensation for services rendered.

61.     The Debtor and its principals voluntarily agreed to make payments to Defendants without coercion or duress.

62. Defendants' communications regarding potential reporting of suspected illegal activity to governmental authorities constituted protected speech under the First Amendment.

63. Any decision by the Debtor to make payments to Defendants was not made in compliance with alleged threats but rather in recognition of amounts legitimately owed.

64. The allegations of extortion are false and unsupported by the evidence.

65. The claim is barred by the applicable three-year statute of limitations.

**Eighth Cause of Action (Conversion)**

66. Defendants did not wrongfully exercise dominion or control over property belonging to the Debtor.

67. Defendants had rightful possession and ownership of all funds received from the Debtor.

68. The Debtor consented to Defendants' possession and use of all funds received.

69. Defendants acted in good faith and with a reasonable belief in their right to receive and retain all payments from the Debtor.

70. All payments received by Defendants constituted valid compensation for services rendered and obligations owed.

71. The claim is barred by the applicable three-year statute of limitations under California Code of Civil Procedure § 338(c).

**Ninth Cause of Action (Breach of Fiduciary Duty)**

72. Defendant Craig Hunter did not owe a fiduciary duty to the Debtor.

73. To the extent any fiduciary duty existed, Defendant Hunter did not breach such duty.

74. Defendant Hunter acted at all times in good faith and in a manner he reasonably believed to be in the best interests of the Debtor.

75. Defendant Hunter's actions were protected by the business judgment rule.

76. Any actions taken by Defendant Hunter that are alleged to constitute a breach of fiduciary duty were undertaken at the direction of or with the knowledge and approval of the Debtor's principals.

77.    The Debtor ratified any actions taken by Defendant Hunter.

78.    Plaintiff has not suffered any damages as a result of Defendant Hunter's alleged conduct.

79.    Any damages allegedly suffered by the Debtor were caused by the acts or omissions of the Debtor's principals and other third parties, not by Defendant Hunter.

80.    The doctrine of comparative fault bars or reduces any recovery against Defendant Hunter.

81.    The claim is barred by the applicable four-year statute of limitations.

**Tenth Cause of Action (Aiding and Abetting Breach of Fiduciary Duty)**

82.    Defendants Veritas, SBP, and Lark Hill had no knowledge of any fiduciary relationship between Defendant Hunter and the Debtor.

83.    Defendants Veritas, SBP, and Lark Hill had no knowledge of any alleged breach of fiduciary duty.

84.    Defendants Veritas, SBP, and Lark Hill did not provide substantial assistance or encouragement to any alleged breach of fiduciary duty.

85.    Defendants Veritas, SBP, and Lark Hill acted at all times in good faith and in accordance with legitimate business purposes.

86.    Defendants Veritas, SBP, and Lark Hill had independent economic interests in receiving payments from the Debtor for services rendered.

87.    The claim is barred by the applicable four-year statute of limitations.

**Eleventh Cause of Action (Aiding and Abetting Fraud)**

88.    Defendants had no knowledge that the Debtor was operating as a Ponzi scheme or engaging in fraudulent conduct.

89.    Defendants did not provide substantial assistance to any alleged fraud or Ponzi scheme.

90.    Defendants acted at all times in good faith and without knowledge of any wrongdoing by the Debtor or its principals.

91.    Defendants had a legitimate, independent business relationship with the Debtor based on the provision of valuable services.

92.    Defendants had no duty to investigate or report any suspected wrongdoing by the Debtor.

93.    The claim is barred by the applicable three-year statute of limitations from discovery of the alleged fraud.

**Twelfth Cause of Action (Restitution and Recovery of Attorneys' Fees)**

94.    Defendants have not been unjustly enriched at the expense of the Debtor or its estate.

95.    Defendants provided full and adequate value in exchange for all payments received from the Debtor.

96.    Defendants received all payments in good faith and for services legitimately rendered.

97.    Equitable relief is not warranted under the circumstances of this case.

98.    The claim is barred by the equitable defenses of laches, waiver, estoppel, and unclean hands.

99.    Plaintiff is not entitled to recover attorneys' fees under any applicable statute or contract.

**<u>REQUEST FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38, as incorporated by applicable law and procedure, including Federal Rule of Bankruptcy Procedure 9015, Defendants Mr. Hunter, SBP, and Lark Hill demand trial by jury on all claims and issues so triable. Veritas does not waive any argument concerning the scope of the Bankruptcy Court's authority, but Defendants acknowledge that Plaintiff may contend that Veritas's filing of a proof of claim affects any jury-trial right Veritas otherwise would have asserted. Defendants do not consent to trial by jury in the Bankruptcy Court and do not consent to the entry of final orders or final judgment by the Bankruptcy Court on any non-core claim, Stern claim, or any claim for which Defendants are entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants pray as follows:

1.      That Plaintiff takes nothing under the Complaint;

2.      For attorney fees and costs of suit herein; and

3.      For such further relief as this Court may deem proper.


Dated: May 8, 2026                                    **WINTHROP GOLUBOW HOLLANDER, LLP**

By:    _/s/ Richard H. Golubow_
          Richard H. Golubow
Counsel for Defendants, Craig Hunter; Veritas
Investigative Solutions, LLC, a California limited
liability company; Strategic Business Partnerships,
LLC, a California limited liability company; and
Lark Hill Investments, LLC, a Wyoming limited
liability company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*):

**DEFENDANTS' ANSWER TO COMPLAINT FOR: (1) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07]; (2) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07]; (3) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 548(a)(1)(A), 550, 551]; (4) AVOIDANCE, PRESERVATION, AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 548(a)(1)(B), 550, 551]; (5) DISALLOWANCE OF CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)]; (6) RESCISSION OF THE ESA [CAL. CIV. CODE §§ 1566-1570, 1689, AND 1691]; (7) CIVIL EXTORTION [CAL. PENAL CODE §§ 518-519]; (8) CONVERSION; (9) BREACH OF FIDUCIARY DUTY; (10) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY; (11) AIDING AND ABETTING FRAUD; (12) RESTITUTION; AND (13) RECOVERY OF ATTORNEY'S FEES**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 8, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Aaron E. De Leest**    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Chad V Haes**    chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com;spineda@marshackhays.com;ldinkins@marshackhays.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐        Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 8, 2026 | Jeannie Martinez | /s/ Jeannie Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-41-