RICHARD H. GOLUBOW – State Bar No. 160434
rgolubow@wghlawyers.com
JORDYN M. (PAPERNY) HALASZ – State Bar No. 351678
jpaperny@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Counsel for Defendants Craig Hunter; Veritas Investigative Solutions, LLC; Strategic Business Partnerships, LLC; and Lark Hill Investments, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:

THE LITIGATION PRACTICE GROUP P.C.,

Debtor.

RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,

Plaintiff,

v.

CRAIG HUNTER, an individual; VERITAS INVESTIGATIVE SOLUTIONS, LLC, a California limited liability company; STRATEGIC BUSINESS PARTNERSHIPS, LLC, a California limited liability company; LARK HILL INVESTMENTS, LLC, a Wyoming limited liability company; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:23-bk-10571-SC

Chapter 11 Proceeding

Adversary Proc. No. 8:26-ap-01041-SC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION THAT NEW CLAIM IN AMENDED COMPLAINT RELATES BACK TO ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(c)(1)(B)**

DATE: October 29, 2026
TIME: 10:00 a.m.
PLACE: Courtroom 5C
411 W. Fourth Street
Santa Ana, CA 92701

Defendants Craig Hunter; Veritas Investigative Solutions, LLC; Strategic Business Partnerships, LLC; and Lark Hill Investments, LLC (collectively, the "Defendants"), by and through their counsel of record, submit this Opposition to the *Notice of Motion and Motion for Determination That New Claim in Amended Complaint Relates Back to the Original Complaint Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B)* [Docket No. 26] (the "Motion") filed by Richard A. Marshack, solely in his capacity as Trustee of the LPG Liquidation Trust ("Plaintiff" or "Trustee").

## I.

## INTRODUCTION

The Motion should be denied or expressly limited to the narrow relation-back issue, without determining timeliness or adjudicating Defendants' remaining limitations and remedy defenses.

Plaintiff seeks a determination that the newly added claim under California Penal Code section 496(c) relates back to the original Complaint, although Plaintiff asserts that the claim was timely filed under the parties' Tolling Agreement and does not require relation back. The Motion identifies no limitations deadline between the filing of the original Complaint and the First Amended Complaint ("FAC") that the requested ruling would resolve. If the Tolling Agreement tolled the applicable limitations period through the filing of the FAC, relation back would not be necessary to overcome that deadline. Conversely, neither relation back nor filing during the Tolling Period would cure a limitations bar that already existed as of the Agreement's March 13, 2025, Effective Date. Defendants therefore request that the Court deny the Motion as unnecessary on the present showing.

Alternatively, Plaintiff's reliance on unchanged General Allegations does not establish the scope of the requested relation-back determination. The new claim refers to diverted client accounts, customer payments, ACH receivables, and other allegedly stolen property. To the extent those allegations encompass conduct or transactions beyond the previously pleaded Transfers, Plaintiff must establish that they arise from the same conduct, transaction, or occurrence set out—

or attempted to be set out—in the original Complaint. Any ruling should be confined to the allegations and transactions for which that showing has been made.

If the Court determines to grant the Motion, any such order should expressly distinguish relation back from timeliness. Relation back determines the effective filing date; it does not establish that a claim or remedy was timely on that date. Likewise, the Tolling Agreement expressly excludes and does not revive claims already barred as of its Effective Date. The applicable limitations periods, accrual, tolling, section 108(a), and transfer-specific and remedy-specific defenses therefore remain unresolved.

Accordingly, Defendants request that the Court deny the Motion or, alternatively, expressly limit any ruling to relation back under Rule 15(c)(1)(B), without determining timeliness or adjudicating Defendants' remaining limitations and remedy defenses.

## II.

## RELEVANT BACKGROUND

In March 2025, the Plaintiff and Defendants entered into a Tolling Agreement, a true and correct copy of which is attached as **Exhibit A** to the Declaration of Craig Hunter ("Hunter Declaration") filed concurrently herewith.[1] The Tolling Agreement tolls specified time-based deadlines for claims not already expired or barred as of its March 13, 2025, Effective Date, and expressly provides that it does not revive previously barred claims or relinquish defenses available as of that date.

On March 20, 2026, Plaintiff filed the original Complaint. On August 24, 2026, Plaintiff moved for leave to add a new Thirteenth Claim for Relief under California Penal Code section 496(c) and requested a determination that the new claim related back to the date of the original

---

[1] The Tolling Agreement provides that it is not to be offered or used in subsequent litigation except for the limited purpose stated in paragraph 8. Plaintiff, however, affirmatively relies on the Tolling Agreement in the Motion to contend that the § 496(c) claim was timely filed because the FAC was filed during the Tolling Period. *See* Motion at 7. Defendants therefore cite the Tolling Agreement only to respond to Plaintiff's reliance on it and to identify the express limitations on the tolling provisions Plaintiff has placed at issue. *See Moglia v. Inland Plywood Co. (In re Outboard Marine Corp.)*, 299 B.R. 488, 500-01 (Bankr. N.D. Ill. 2003) (declining to read substantially similar evidentiary-use restriction to prohibit consideration of tolling agreement where doing so would defeat the agreement's operation and issue before the court was whether the statute of limitations was tolled pursuant to tolling agreement, noting "if the parties agreed to toll the statute of limitations but neither party could rely on the contract as evidence of the agreement, the outcome sought by [movant] would be patently nonsensical").

Complaint. Defendants did not oppose leave to amend but opposed an affirmative relation-back determination on the briefing then before the Court because Plaintiff had cited the wrong subsection of Rule 15 and had not analyzed the operative facts and evidentiary basis required under Rule 15(c)(1)(B), or the timeliness issues implicated by the requested ruling, including the timeliness of the new claim on a transfer-by-transfer basis, the applicable accrual and limitations rules, and the effect of the parties' Tolling Agreement. *See* Limited Opposition [Adv. Dk. 20]. Defendants asked that both relation back and timeliness be determined only "upon full and developed briefing directed to those issues," and expressly reserved all limitations, repose, laches, and remedy defenses. *Id.*

On September 15, 2026, the Court granted leave to amend but denied the requested relation-back determination without prejudice. The Court explained that Plaintiff's motion had not sufficiently developed the Rule 15(c)(1)(B) common-core and same-evidence analysis, while Plaintiff's reply supplied a more developed factual application to which Defendants had no opportunity to respond. The Court expressly stated that it made no determination whether the section 496(c) claim relates back. Order [Adv. Dk. 22].

On September 22, 2026, Plaintiff filed the FAC [Adv. Dk. 24], with the new section 496(c) claim. Defendants answered the FAC on October 6, 2026 [Adv. Dk. 27] and asserted statute-of-limitations and related defenses, including as to the section 496(c) claim.

Plaintiff now renews its relation-back request and argues that the new claim relates back because the General Allegations remain unchanged. *See* Motion at 6-7. Plaintiff also asserts that the new claim was timely filed and does not require relation back because the FAC was filed within the Tolling Period, which expired on September 22, 2026. *Id.* at 7.

**III.**

**<u>THE COURT SHOULD DENY THE MOTION OR</u>**

**<u>LIMIT THE SCOPE OF ANY RELATION-BACK RULING</u>**

Plaintiff identifies no intervening limitations deadline that requires a relation-back determination. The Court should therefore deny the Motion on the present showing. Alternatively, the Court should deny the Motion for failure to satisfy Rule 15(c)(1)(B).

**A. Plaintiff Identifies No Intervening Limitations Deadline That Relation-Back Would Resolve**

Plaintiff characterizes the present Motion as filed only "in an abundance of caution" and asserts that the new claim "was timely filed and does not require relation back" because the FAC was filed within the Tolling Period. Motion at 7. Plaintiff identifies no limitations deadline between March 20, 2026, when the original complaint was filed, and September 22, 2026, when the FAC was filed, that the requested determination would resolve.

If the Tolling Agreement suspended the applicable limitations period through the filing of the FAC, relation back would not be necessary to overcome that deadline. If the claim or requested relief was already time-barred as of March 13, 2025, however, neither filing during the Tolling Period nor relation back to March 20, 2026, would cure that preexisting bar.

Defendants therefore respectfully request that the Court deny the Motion as unnecessary to resolve any issue of limitations identified by Plaintiff.

**B. Relation Back Has Not Been Adequately Established**

Plaintiff's principal Rule 15 argument is that the FAC's General Allegations are verbatim the same as those in the original Complaint. *See* Motion at 6-7. That fact is relevant, but it is not itself dispositive as to the Rule 15(c)(1)(B) standard.

The proper Rule 15(c)(1)(B) inquiry in the Ninth Circuit is whether the original and amended pleadings share a "common core of operative facts" such that the adverse party had fair notice and whether the new claim will likely be proved by the "same kind of evidence." *ASARCO LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quotation marks and citations omitted); *In re Markus*, 313 F.3d 1146, 1150 (9th Cir. 2002).

The newly added claim alleges that Mr. Diab diverted the Debtor's funds, assets, client accounts, and receivables; that Defendants knowingly received, retained, or concealed "stolen property," including customer payments, ACH receivables, and alleged Ponzi-scheme proceeds; and that Defendants knew or were willfully blind to the fact that the property was obtained through theft, misappropriation, and unlawful diversion. FAC ¶¶ 232-233. The new claim thus recasts the same $1,124,006.45 that the original Complaint alleges the Debtor paid "directly" to Defendants

on account of the ESA, Complaint ¶ 4, as property "stolen" through Mr. Diab's diversion of customer payments and receivables. FAC ¶ 232. Those allegations place in issue the allegedly stolen character of the property and each Defendant's knowledge of that character. Although those issues may require proof beyond that necessary for some of the original claims, additional statutory elements do not alone defeat relation back. The relevant question is whether the new allegations concern the same operative conduct and transactions identified in the original Complaint.

Defendants recognize that relation back is liberally applied and that a new legal theory may relate back when it rests on the same operative facts. *See ASARCO,* 765 F.3d at 1005; *Martell*, 872 F.2d at 325-26. But simply carrying forward the same historical allegations does not eliminate the need to compare the proof required for the new statutory claim with the proof required for the claims originally pleaded.

**IV.**

**ALTERNATIVELY, IF THE COURT GRANTS THE MOTION, ANY SUCH RULING SHOULD BE LIMITED AND PRESERVE DEFENDANTS' TIMELINESS AND REMEDY DEFENSES**

A relation-back determination does not establish timeliness, revive claims already expired as of the Tolling Agreement's Effective Date, or eliminate defenses preserved by the Tolling Agreement. Thus, if the Court determines the new claim relates back and is inclined to grant the Motion, Defendants request that any order granting relation back expressly state that the determination neither establishes the timeliness of the claim or any requested remedy nor adjudicates the applicable limitations period, accrual, statutory or equitable tolling, the application of section 108(a), or the interpretation or effect of the Tolling Agreement. Those separate issues should be decided, if necessary, on a developed record when they are squarely presented before the Court, and should not be predetermined in connection with a ruling on relation back.

**A. Relation Back Does Not Independently Establish Timeliness of a Claim**

Rule 15(c) provides that an amendment relates back when it asserts a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original

pleading. If that standard is satisfied, the amended claim is treated as filed on the date of the original pleading. It does not independently establish that the newly added claim was timely on that date. *See, e.g.*, *ASARCO LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1007 (9th Cir. 2014) (holding that amended complaint related back and separately considering whether original complaint was itself timely, noting that "[o]f course, relation back does not help Asarco if the original complaint was not timely in the first instance").

Here, while relation back would move the new claim's effective filing date from September 22 to March 20, 2026, it would <u>not</u> determine whether a particular claim or remedy had already expired before either date.

**B. <u>The Tolling Agreement Expressly Excludes and Does Not Revive Previously Barred Claims</u>**

Plaintiff asserts that the FAC was filed on the final day of the defined Tolling Period "and, as such, Plaintiff's new claim for relief under Penal Code § 496(c) was timely filed and does not require relation back." *See* Motion at 7. But that statement does not account for the Tolling Agreement's non-revival provisions and express exclusions of claims that were already expired or barred as of March 13, 2025.

Paragraph 2 of the Tolling Agreement provides that the parties agreed to toll and suspend limitations through and including September 22, 2026, only for Recovery Claims and other claims "that are not expired or barred by applicable law or any Limitation Deadline as of the Agreement Effective Date." *See* Hunter Decl., Ex. A ¶ 2. Paragraphs 3 and 4 reiterate that the waiver of limitations defenses applies only where the action is commenced within the Tolling Period and "would not have been barred as of the Agreement Effective Date." *Id.* ¶¶ 3-4. The Agreement Effective Date is March 13, 2025.

Paragraph 5 then removes any possible ambiguity. It provides that, "For the avoidance of doubt," the Tolling Agreement and Tolling Period "shall not in any manner revive, resurrect or create any claims, rights causes of action or suit that, as of the Agreement Effective Date, had expired or were barred by applicable law or any Limitation Deadline." *Id.* ¶ 5. The same provision also preserves defenses available as of the Effective Date. *Id.* Paragraphs 6 and 7 further preserve

the parties' rights to investigate and develop defenses and disclaim additional waivers, subject to the Agreement's express tolling and waiver provisions. *Id.* ¶¶ 6-7.

Thus, filing the FAC during the Tolling Period does not automatically render every newly asserted claim or remedy timely. The Tolling Agreement's tolling provisions apply only to claims not already expired or barred as of March 13, 2025. Whether some portion of the newly asserted section 496(c) claim or the enhanced remedies sought under that statute had already expired by that date is a separate issue, which the Motion does not analyze.

Defendants do not seek an adjudication of the Tolling Agreement's scope or application at this time. Rather, they identify these provisions to highlight that a relation-back ruling should not be understood as adopting Plaintiff's broader assertion of timeliness or eliminating defenses expressly preserved by the Tolling Agreement.

**C. Remedy-Specific Limitations and Applicability of Section 108(a) Remain Unresolved**

This distinction has potential consequences for the treble damages sought under section 496(c). Federal courts in California have applied the one-year limitations period under Code of Civil Procedure section 340(a) to claims for treble damages under Penal Code section 496(c). *See, e.g.*, *Tu Le v. Prestige Cmty. Credit Union*, No. 8:22-cv-00259, 2023 WL 9689133, at *9 (C.D. Cal. Nov. 6, 2023); *May v. Google LLC*, No. 24-cv-01314-BLF, 2024 WL 4681604, at *10 (N.D. Cal. Nov. 4, 2024) (citing *Tu Le*).

Plaintiff alleges that the payments underlying the section 496(c) claim were made between mid-2021 and November 2022. FAC ¶¶ 2, 81-90. If a one-year limitations period applies to the requested treble damages, and if a claim accrued upon receipt of a payment before March 20, 2022, without applicable delayed accrual or tolling, that period would have expired before the March 20, 2023, Petition Date. Section 108(a) of the Bankruptcy Code would not have extended an already expired period, and the Tolling Agreement's non-revival provisions would remain relevant. Defendants offer this example to identify the unresolved issue and demonstrate why a relation-back ruling must not be read to decide it.

Section 108(a) addresses a period fixed by applicable nonbankruptcy law, a nonbankruptcy order, or an agreement within which the debtor may commence an action, provided that period had not expired before the petition date. When applicable, it permits the trustee to commence the action before the later of the end of that period, including qualifying suspensions, or two years after the order for relief. 11 U.S.C. § 108(a). In this voluntary case, the two-year date was March 20, 2025. Whether section 108(a) applies to the particular claim and preserves the requested relief depends on the source of the claim, the applicable limitations and accrual rules, and whether the relevant period remained unexpired when the petition was filed. A relation-back determination resolves none of those questions.

**D. <u>Any Order Should Expressly Limit its Determination and Preserve Defendants' Remaining Defenses</u>**

Accordingly, for the foregoing reasons, Defendants request that any order granting the Motion include language substantially similar to the following:

- The Thirteenth Claim for Relief, as pleaded in the First Amended Complaint, relates back to March 20, 2026, under Federal Rule of Civil Procedure 15(c)(1)(B). This determination does not establish that the claim or any requested remedy is timely.
- This Order is not and shall not be construed as an adjudication of any issues concerning (a) the limitations period applicable to any claim or remedy under California Penal Code section 496(c); (b) when any such claim accrued; (c) the application or effect of 11 U.S.C. § 108(a); (d) the scope, interpretation, or effect of the parties' Tolling Agreement, including whether any claim or requested remedy was already barred as of March 13, 2025; (e) any transfer-specific or remedy-specific statute-of-limitations or statute-of-repose defense; or (f) the availability and measure of any remedy under California Penal Code section 496(c). Except for the relation-back issue expressly decided herein, those issues and defenses are not adjudicated by this Order.

This proposed language would resolve only the relation-back issue presented by the Motion without adopting Plaintiff's broader assertion that filing the FAC during the Tolling Period necessarily rendered the new claim and all requested remedies timely.

## V.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion without prejudice because Plaintiff has identified no intervening limitations deadline requiring the requested determination. Alternatively, Defendants request that the Court limit any relation-back determination to the conduct and transactions shown to satisfy Rule 15(c)(1)(B), expressly state that the ruling does not establish timeliness, and preserve the unresolved limitations and remedy issues identified above.

DATED: October 15, 2026

**WINTHROP GOLUBOW HOLLANDER, LLP**

By: *<u>/s/ Richard H. Golubow</u>*
Richard H. Golubow
Jordyn M. (Paperny) Halasz
Counsel for Defendants Craig Hunter; Veritas Investigative Solutions, LLC; Strategic Business Partnerships, LLC; and Lark Hill Investments, LLC

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (specify): **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION THAT NEW CLAIM IN AMENDED COMPLAINT RELATES BACK TO ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(c)(1)(B)** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 15, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Aaron E. De Leest** adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Richard H Golubow** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Chad V Haes** chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com;spineda@marshackhays.com;ldinkins@marshackhays.com;marshack-ecfs_notice@juralaw.net
- **D Edward Hays** ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)** pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL:** On ____________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 15, 2026 | Silvia Villegas | */s/ Silvia Villegas* |
| *Date* | *Printed Name* | *Signature* |