RICHARD H. GOLUBOW – State Bar No. 160434
rgolubow@wghlawyers.com
JORDYN M. (PAPERNY) HALASZ – State Bar No. 351678
jpaperny@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Counsel for Defendants Craig Hunter; Veritas Investigative Solutions, LLC; Strategic Business Partnerships, LLC; and Lark Hill Investments, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:

THE LITIGATION PRACTICE GROUP P.C.,

Debtor.

RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,

Plaintiff,

v.

CRAIG HUNTER, an individual; VERITAS INVESTIGATIVE SOLUTIONS, LLC, a California limited liability company; STRATEGIC BUSINESS PARTNERSHIPS, LLC, a California limited liability company; LARK HILL INVESTMENTS, LLC, a Wyoming limited liability company; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:23-bk-10571-SC

Chapter 11 Proceeding

Adversary Proc. No. 8:26-ap-01041-SC

**DECLARATION OF CRAIG HUNTER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION THAT NEW CLAIM IN AMENDED COMPLAINT RELATES BACK TO ORIGINAL COMPLAINT**

DATE: October 29, 2026
TIME: 10:00 a.m.
PLACE: Courtroom 5C
411 W. Fourth Street
Santa Ana, CA 92701

I, Craig Hunter, declare as follows:

1. I am an individual defendant in this adversary proceeding. I am also the managing member of Veritas Investigative Solutions, LLC, Strategic Business Partnerships, LLC, and Lark Hill Investments, LLC, each of which is also a defendant in this proceeding. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would competently testify to them.

2. I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion for Determination That New Claim in Amended Complaint Relates Back to the Original Complaint Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B).

3. On March 13, 2025, I, individually and on behalf of Veritas Investigative Solutions, LLC, Strategic Business Partnerships, LLC, and Lark Hill Investments, LLC, entered into a written tolling agreement (the "Tolling Agreement") with Richard A. Marshack, solely in his capacity as Trustee of the LPG Liquidation Trust. I signed the Tolling Agreement on my own behalf and, as managing member, on behalf of each of those entities.

4. Attached hereto as **Exhibit A** is a true and correct copy of the fully executed Tolling Agreement. I understand that Plaintiff has relied upon the Tolling Agreement in support of the pending Motion, including in asserting that the newly added claim was timely filed because the First Amended Complaint was filed during the Tolling Period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 15, 2026, at Thompsons Station, Tennessee.

[signature]

Craig Hunter

# EXHIBIT A

# TOLLING AGREEMENT

This Tolling Agreement ("Agreement"), between Richard A. Marshack, previous Chapter 11 Trustee for the Bankruptcy Estate ("Estate") of the Litigation Practice Group P.C. ("Debtor" or "LPG") and current Liquidating Trustee of the LPG Liquidation Trust ("Trust") (collectively, "Trustee"), on the one hand, and Veritas Investigative Solutions, LLC ("Veritas"), Strategic Business Partnerships, LLC ("SBP"), Lark Hill Investments LLC ("Lark Hill"), and Craig Hunter ("Hunter," and collectively with Veritas, SBP and Lark Hill, the "Hunter Parties"), on the other hand (each a "Party," and collectively the "Parties"), is made under the following terms and conditions:

## RECITALS

A. On March 20, 2023 ("Petition Date"), LPG commenced a Chapter 11 bankruptcy case through the filing of a voluntary petition in the United States Bankruptcy Court for the Central District of California as Case No. 8:23-bk-10571-SC ("Bankruptcy Case").

B. As of May 8, 2023, Trustee accepted his appointment as Trustee in the Bankruptcy Case. With his appointment, Trustee was granted standing to commence and maintain claims and causes of action on behalf of the Debtor's Estate.

C. Trustee asserts that the claims against the Hunter Parties include, but are not limited to, claims under sections 541, 542, 544, 547, 548, 549, 550 and 551 of the Bankruptcy Code as well as claims under other provisions of federal and state law that include, but are not limited to, fraudulent transfer, civil extortion, and witness tampering (collectively, the "Recovery Claims"). The Hunter Parties expressly deny and dispute the foregoing assertions and expressly deny and dispute that any Recovery Claim exists that the Trustee, or any of them, can assert against the Hunter Parties, or any of them.

D. On June 14, 2024, Trustee, jointly with the Official Committee of Unsecured Creditors, filed the Modified First Amended Joint Chapter 11 Plan of Liquidation ("Plan") and the Disclosure Statement Describing Modified First Amended Joint Chapter 11 Plan of Liquidation ("Disclosure Statement"), which collectively described the proposed liquidation of

the Estate ("Liquidating Trust").

E. On September 9, 2024, the Court entered an Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation ("Confirmation Order") pursuant to which Trustee and Liquidating Trust have the authority to pursue claims and initiate litigation in furtherance of such claims, including the Recovery Claims.

F. Trustee alleges that he possesses Recovery Claims against the Hunter Parties and potential Recovery Claims against entities that are subsidiaries and/or affiliates of the Hunter Parties, as well as the officers, directors, and/or managers of the same, that were or are controlled by the Hunter Parties, directly or indirectly, and for which the Hunter Parties have authority to bind (collectively, "Targets"). Trustee also alleges that he possesses Recovery Claims against any related, yet unknown, individuals, entities, trusts, partnerships, affiliates, owners, principals, shareholders, members, managers, beneficiaries, insiders, alter egos, co-conspirators, aiders and abettors, transferees and agents, and their successors or assigns (collectively, "Third Parties") that directly or proximately caused LPG, the Trust, or the Estate damages on the Recovery Claims as a result of their conduct and/or were responsible in some manner for such damages.

G. The Hunter Parties expressly deny and dispute the foregoing allegations and expressly deny and dispute that any Recovery Claim exists that Trustee, or any of them, can assert against the Hunter Parties or any other Target or the Third Parties.

H. The Parties are engaged in discussions regarding the Recovery Claims and other issues that may impact Trustee's prosecution of (or decision to refrain from prosecuting) such claims. Trustee wishes to protect any claims or rights to bring such claims that he may have from being barred by the lapse of any applicable statutes of limitation or repose during the period in which the Parties continue to negotiate.

I. Both Trustee and Targets desire to toll the running of the limitations period in which Trustee may bring his Recovery Claims against Targets and against any Third Parties that one or more of the Targets is authorized to bind and/or to sign on behalf of (collectively, the "Applicable Third Parties").

## TERMS

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties intending to be legally bound, agree as follows:

1. The foregoing recitals are incorporated herein as if fully set forth again below.

2. The Trustee and the Targets agree to the tolling and suspension of any and all applicable statutes of limitations and statutes or periods of repose and laches, under federal or state law, that requires, mandates or establishes any deadline (collectively, the "Limitation Deadline") for the commencement or filing of any proceeding or action by Trustee for a period from the Agreement Effective Date (as defined below) through and including September 22, 2026 (the "Tolling Period"), unless otherwise agreed to in writing by the Parties, for any and all Recovery Claims and any other claims that the Debtor, the Estate, the Trust, or the Trustee may have against the Targets and any Applicable Third Parties that are not expired or barred by applicable law or any Limitation Deadline as of the Agreement Effective Date.

3. The Targets, for themselves and all Applicable Third Parties, waive the benefit of, and agree not to assert as a defense, or make any motion on the grounds of the expiration of the time within which to commence an action or adversary proceeding related to the Recovery Claims, any statute of limitations, statute or period of repose, or laches, which defense or motion is based, in whole or in part, on the failure of the Debtor, the Estate, the Trust, or the Trustee to commence such action prior to the Limitation Deadline so long as any such action is commenced prior to the expiration of the Tolling Period (collectively, the "Limitation Deadline Defenses"), and would not have been barred as of the Agreement Effective Date.

4. Nothing in this Agreement shall prevent the Trustee from commencing an action or adversary proceeding relating to the Recovery Claims prior to the expiration of the Tolling Period. So long as one or more of the Recovery Claims is commenced on or prior to September 22, 2026, and would not have been barred as of the Agreement Effective Date, the Targets, individually and collectively, voluntarily and unequivocally waive the Limitation Deadline Defenses as to themselves and any Applicable Third Parties.

5. For the avoidance of doubt, this Agreement and the Tolling Period provided herein shall not in any manner revive, resurrect or create any claims, rights causes of action or suit that, as of the Agreement Effective Date, had expired or were barred by applicable law or any Limitation Deadline, including, without limitation, any applicable statute of limitations or statutes or periods of repose or other rule provision, defense, or principle based upon the passage of time (including, without limitation, waiver, estoppel and laches), whether statutory, contractual or otherwise, or limited in any way the assertion of any defense available as of the Agreement Effective Date.

6. For the further avoidance of doubt, the Trustee, the Targets and the Third Parties have the right to, without limitation, investigate and develop any and all claims, defenses, cross-claims and counterclaims as to any and all of the Recovery Claims, or any other claims, asserted or alleged by the Debtor, the Estate, or the Trustee or to be asserted or alleged by the Debtor, the Estate, or the Trustee. The Trustee, the Targets, and the Third Parties shall retain any and all such rights notwithstanding entry into this Agreement, and this Agreement and the Tolling Period provided herein shall not impact or affect in any respect whatsoever any and all such rights, except as otherwise provided herein.

7. This Agreement is not intended to be, nor shall it be construed as, a waiver or release of any other claim, right, or defense that the Debtor, the Estate, the Trust, the Trustee, the Targets or the Applicable Third Parties may have, including but not limited to the Recovery Claims.

8. This Agreement shall not operate or be construed as an admission of any wrongdoing, liability or culpability by the Targets or the Applicable Third Parties or an admission by the Targets or the Applicable Third Parties of the existence of any claims against them. Neither this Agreement nor any action taken pursuant to this Agreement shall be offered or received into evidence or used for any purpose whatsoever, in any action or proceeding that may ensure between the Parties, the Targets and/or the Third Parties, other than to refute a defense that any action taken by the Trustee on or before the expiration of

the Tolling Period is time barred by any applicable Limitation Deadline.

9. This Agreement does not constitute any admission or waiver regarding jurisdiction over the Parties, the Targets or the Applicable Third Parties, the standing of the Debtor, the Estate, the Trust, the Trustee, the Targets or the Applicable Third Parties to bring suit, or the Bankruptcy Court's authority to enter a final judgment on any of the Recovery Claims or any other claims.

10. This Agreement shall be binding upon and inure to the benefit of Debtor, the Estate, the Trust, the Trustee, the Targets, and the Applicable Third Parties, collectively and individually, as well as their respective agents, attorneys, employees, heirs, predecessors, successors, assigns, administrators, executors, estates, trustees, receivers, and legal representatives, whether or not a signatory hereto.

11. This Agreement shall expire at 11:59 p.m. Pacific Time on September 26, 2026, unless renewed or extended by a written instrument signed by each Party prior to that date and time.

12. This Agreement constitutes the entire agreement by the Parties concerning the tolling of the Limitation Deadline and supersedes any prior agreements or understandings whether written or oral. This Agreement may not be amended or changed in any way except by written instrument signed by the Parties.

13. The Parties warrant that they have full right and authority to execute this Agreement, to bind the Parties, and to comply with all of its terms.

14. This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties and shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

15. This Agreement may be executed in any number of counterparts and by different Parties on separate counterparts, each of which, when executed and delivered, shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same

Agreement. Delivery of an executed counterpart of this Agreement by facsimile or electronic mail shall be equally as effective as delivery of a manually executed counterpart of this Agreement.

16. The Parties represent that they have had ample opportunity to thoroughly review this Agreement, have discussed all aspects of this Agreement with counsel, have read and fully understand all the provisions of this Agreement, they have not relied upon any representations or statements made by the other Party, which are not specifically set forth in this Agreement and have voluntarily entered into it.

17. This Agreement shall be governed by the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the laws of the United States of America, and the State of California applicable to agreements made to be performed in California.

///

///

///

///

///

///

///

///

18. The Parties consent to the jurisdiction of the Bankruptcy Court to interpret and enforce the terms of this Agreement in full and to the entry of final orders regarding the same.

19. The effective date of this Agreement shall be deemed to be on the latter of the dates of signature below (the "Agreement Effective Date").

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the dates noted below.

Dated: March 13, 2025

______________________________
**RICHARD A. MARSHACK,**
Liquidating Trustee and authorized agent the LPG Liquidation Trust

Dated: March ___, 2025

______________________________
**CRAIG HUNTER**

Dated: March ___, 2025

______________________________
**CRAIG HUNTER,**
Managing member of Veritas Investigative Solutions, LLC

Dated: March ___, 2025

______________________________
**CRAIG HUNTER,**
Managing member of Strategic Business Partnerships, LLC

Dated: March ___, 2025

______________________________
**CRAIG HUNTER,**
Managing member of Lark Hill Investments LLC

18. The Parties consent to the jurisdiction of the Bankruptcy Court to interpret and enforce the terms of this Agreement in full and to the entry of final orders regarding the same.

19. The effective date of this Agreement shall be deemed to be on the latter of the dates of signature below (the "Agreement Effective Date").

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the dates noted below.

Dated: March 13, 2025

**RICHARD A. MARSHACK,**
Liquidating Trustee and authorized agent the LPG Liquidation Trust

Dated: March 13, 2025

**CRAIG HUNTER**

Dated: March 13, 2025

**CRAIG HUNTER,**
Managing member of Veritas Investigative Solutions, LLC

Dated: March 13, 2025

**CRAIG HUNTER,**
Managing member of Strategic Business Partnerships, LLC

Dated: March 13, 2025

**CRAIG HUNTER,**
Managing member of Lark Hill Investments LLC

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (specify): **DECLARATION OF CRAIG HUNTER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION THAT NEW CLAIM IN AMENDED COMPLAINT RELATES BACK TO ORIGINAL COMPLAINT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 15, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Aaron E. De Leest** adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Richard H Golubow** rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Chad V Haes** chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com;spineda@marshackhays.com;ldinkins@marshackhays.com;marshack-ecfs_notice@juralaw.net
- **D Edward Hays** ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)** pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL:** On ___________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 15, 2026 | Silvia Villegas | */s/ Silvia Villegas* |
| *Date* | *Printed Name* | *Signature* |